UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TIONE CALVIN DAVIS, | : | |
| | : | Civ. No. 22-5263 (KM) (MAH) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| NABIL KASSEM & ASSOCIATES, | : | |
| Defendant. | : | |

**KEVIN MCNULTY, U.S.D.J.**

Pro se plaintiff Tione Calvin Davis sues his formr attorney, Nabil Kassem & Associates ("NKA"), under 42 U.S.C. § 1983 for damages in connection with the attorney's conduct of the defense in Davis's criminal case. (*U.S. v. Davis,* Crim. No. 19-651 (D.N.J.). Davis has pled guilty to conspiracy, Hobbs Act robbery, Hobbs Act armed robbery, and firearms charges. He is currently in custody at Essex County Correctional Facility, awaiting sentencing, and is represented by new counsel. In a previous order (DE 2), I granted Davis's motion to proceed in forma pauperis and noted that the complaint would be screened in due course pursuant to 28 U.S.C. § 1915A. Having screened the complaint, I now dismiss it, for the reasons discussed below.

  A.  **Factual Background**

The complaint is sparse, but certain relevant facts are a matter of public record.[1] Davis was arrested in April 2018 pursuant to a criminal complaint charging him with Hobbs Act

---

[1] The Court may take judicial notice of Davis's criminal proceedings in connection with its screening under § 1915A. *See, e.g.*, *West v. Bureau of Prisons*, No. 19-18687 (MAS), 2019 WL 6242973, at *1 n.2 (D.N.J. Nov. 22, 2019); *see also O'Boyle v. Braverman*, 337 F. App'x 162, 164 (3d Cir. 2009) (court may properly look at "public records, including judicial proceedings" the authenticity of which are "not

robbery and related offenses. *See* 19-cr-651 (D.N.J.), DE 1 (Criminal Complaint). Attorney Nabil Kassem of NKA represented Davis for portions of his criminal case, including the negotiations leading to his guilty plea in September 2019. *Id.* DE 38 (Waiver of Indictment); DE 39 (Minute Entry); DE 41 (Plea Agreement).

In December 2021, the Supreme Court of New Jersey suspended Kassem from the practice of law for three months, finding that he had been arrested in New York in 2019 and convicted of heroin possession.[2] I appointed a different attorney to represent Davis in the criminal case pursuant to the Criminal Justice Act. (*See* 19-cr-651 DE 50.) A Presentence Report has been prepared, and sentencing is pending.

In his complaint, the allegations in which I accept as true for screening purposes, Davis alleges that his incarceration has been prolonged due to Kassem's conviction and subsequent suspension. (DE 1 at 3.) He adds: "I've paid my attorney in full while his [license] was under suspension. This is unfair treatment and [theft] by deception, misrepresentation, unfair treatment, and misguidance." *Id.* He asserts jurisdiction under § 1983, *id*. at 2, but otherwise does not state what relief he seeks or specify his claims or causes of action.

### B. Screening Standard

The Prison Litigation Reform Act requires district courts to review complaints in civil actions filed by prisoners. *See* 28 U.S.C. § 1915A(a). District courts must dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

subject to reasonable dispute"). This is particularly true here, since I am presiding over Davis's criminal proceedings.

[2] The facts relating to Kassem's suspension are taken from a decision of the New Jersey Supreme Court Disciplinary Review Board and an order of the New Jersey Supreme Court, which are available at https://drblookupportal.judiciary.state.nj.us/SearchResults.aspx?type=search (search for attorney last name "Kassem") (last visited October 19, 2022). I take judicial notice of these proceedings—not for the truth of the allegations against Kassem but for the fact that he was the subject of disciplinary proceedings.

relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### C. Discussion

As noted, I accept as true, for present purposes, Davis's allegation that Kassem, who represented Davis in his criminal proceedings, was convicted of heroin possession and subsequently suspended from the practice of law, and that Kassem's criminal conduct and suspension unnecessarily prolonged Davis's detention. Davis's Section 1983 claim against Kassem (or his firm) must nonetheless be dismissed. To state a claim under § 1983, Davis must

allege, among other things, that Kassem was "acting under color of state law." *Harvey v. Plaints Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). But it has generally been held that private attorneys for criminal defendants, and even court-appointed attorneys, are not "state actors" for purposes of § 1983. *See, e.g.*, *Polk v. County of Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Gannaway v. PrimeCare Med., Inc.*, 652 F. App'x 91, 95 (3d Cir. 2016) (affirming grant of summary judgment on Section 1983 claim against "the appointed lawyers who represented [the plaintiff] in criminal proceedings" because they were not state actors); *Brown v. Terrell*, 322 F. App'x 93, 94 (3d Cir. 2009) ("the fact that Brown hired Terrell to represent him as legal counsel does not render Terrell a person acting under color of state law for purposes of § 1983") (quotation marks omitted); *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (affirming dismissal of § 1983 claim where allegations against defendants "pertain to their representation of the defendant in state court criminal and post-conviction proceedings" because "their representation, alone, does not render either of them a person acting under color of state law") (cleaned up). Because Davis's Section 1983 claims against Kassem and/or his law firm are alleged to arise from the latter's representation of Davis in a criminal proceeding, Davis's Section 1983 claim must be dismissed because Kassem was not a "state actor."

  Davis alleges that Kassem accepted Davis's money and then did not fairly represent him. Construing Davis's complaint liberally, as I must, it could be read to assert state law claims, including theft by deception, legal malpractice, breach of contract, and related claims. *See, e.g.*, *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (noting that legal malpractice claims have "origins in state rather than federal law"); *Rodriguez v. Ferrante*, No. 16-8860 (SDW), 2017 WL 66389, at

*2 (D.N.J. Jan. 6, 2017) (claim of legal malpractice was state law claim and "is not a claim over which this Court has original jurisdiction").

It is true that a federal court may hear state law claims where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. But such diverse citizenship is not apparent. The complaint lists a Clifton, New Jersey, address for Kassem's law firm (DE 1 at 3), the plaintiff is incarcerated in New Jersey, and the criminal activity to which he pled guilty all occurred in New Jersey. At any rate, the complaint fails to allege diverse citizenship or an amount in controversy.[3]

Accordingly, these claims are dismissed for lack of subject matter jurisdiction in federal court. Such state law claims must be asserted and heard, if anywhere, in state court.[4]

### D. Leave to Amend

A dismissal on jurisdictional grounds is presumptively without prejudice, and a plaintiff proceeding pro se ordinarily should be given an opportunity to amend his complaint to cure any defects. *See Hudson v. McKeesport Police Chief*, 182 F. App'x 124, 126 (3d Cir. 2006). Still, leave to amend may be denied if amendment would be futile. *Id.*; *see also Van Tassel v. Piccione*, 608 F. App'x 66, 70 (3d Cir. 2015) ("a District Court is not required to permit a futile amendment").

---

[3] Davis is currently incarcerated in New Jersey, but detainees are not necessarily citizens of the state in which they are incarcerated. Rather, "[f]or inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." *McCracken v. Murphy*, 328 F. Supp. 2d 530, 532 (E.D. Pa. 2004), *aff'd*, 129 F. App'x 701 (3d Cir. 2005). As noted, the complaint in its current version contains no allegations as to the parties' citizenship. The facts of the parallel criminal case appear to suggest that Davis is a citizen of New Jersey, though I make no finding on that point.

[4] I discuss only the viability of the civil complaint that Davis has filed here. Any motions that may be appropriate with respect to the criminal case must be dealt with by counsel in that case.

Davis's Section 1983 claim against Kassem is denied with prejudice. Because Kassem is not a state actor, a section 1983 claim cannot be sustained, so leave to amend is denied as futile.

However, to the extent Davis intended to assert state law claims against Kassem, the dismissal is without prejudice. Davis may file an amended complaint within 45 days, asserting any state law claims against Kassem or his law firm. Davis is advised that any such amended complaint must state a valid basis for this court's jurisdiction. Specifically, Davis must allege, if he can truthfully do so, that he and defendant Kassem are citizens of different states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. If those requirements for diversity jurisdiction are not present, Davis must instead assert his state law claims in a state court of appropriate jurisdiction.

### E. Conclusion

The complaint (DE 1) is dismissed with prejudice as to Davis's claims under 42 U.S.C. § 1983, and without prejudice as to the remaining claims. An appropriate order follows.

Dated: October 20, 2022

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge